# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

KAREN DIANA HAYES, as mother and  )
next of kin of BOBBY LEE GIRON,    )
deceased,                          )
                                   )
          Plaintiff,          )
                                   )
vs.                                )   Case No. CIV-09-804-M
                                   )
WAL-MART STORES EAST, L.P.,        )
A Delaware limited partnership,    )
                                   )
          Defendant.          )

## ORDER

This case is scheduled for trial on the Court's May 2010 trial docket.

Before the Court is defendant's Motion for Summary Judgment, filed March 1, 2010. On March 21, 2010, plaintiff filed her response, and on March 29, 2010, defendant filed its reply. On April 4, 2010, plaintiff's objection to defendant's reply was filed[1]. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

On or about the 8th day of December, 2006, in Carter County, Oklahoma, plaintiff's 18 year old son Bobby Lee Giron ("Giron") was killed in a single car automobile accident at mile marker 44 on northbound Interstate 35. At the time of his death, Giron was driving a 1989 Nissan 300 ZX automobile equipped with four Douglas tires he purchased from defendant in Ardmore, Oklahoma on or about October 7, 2006. On the day of the accident, Giron had gone back to defendant's store

---

[1] Because even considering defendant's reply, the Court finds defendant is not entitled to summary judgment, the Court finds plaintiff's objection to defendant's reply brief [docket no. 45] is MOOT.

to report a "bubble" on the right front tire. Defendant's employees after seeing the "bubble" informed Giron there was not a tire in stock to match his existing tires. Defendant's employees proceeded to locate a replacement tire at its Sulphur, Oklahoma store 35 miles away and directed Giron to that store. Giron was killed after leaving the Ardmore store when his car left the road and crashed. Plaintiff originally filed this cause of action in the District Court of Carter County, Oklahoma on December 1, 2008. Pursuant to 28 U.S.C. § 1446 (b) defendant removed the same to this Court on July 29, 2009. Defendant now moves for summary judgment.

II.   Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.     Discussion

To establish her negligence claim, plaintiff must prove: (1) a duty owed by defendant to plaintiff to use ordinary care; (2) defendant's breach of that duty; and (3) an injury to plaintiff caused by defendant's breach of that duty. *Lowery v. Echostar Satellite Corp.,* 160 P.3d 959, 964 (Okla. 2007). Defendant asserts that it owed no duty to plaintiff and, thus, is not liable in this case. Defendant also contends plaintiff has failed to submit any evidence as to causation.

> The existence of a duty of care is the threshold question in any negligence action. A duty of care is an obligation owed by one person to act so as not to cause harm to another. Whether the defendant owed the plaintiff a duty of care is a question of law for the court in a negligence action. And, if the defendant did not owe a duty of care to the plaintiff, there can be no liability for negligence as a matter of law.

*Id.* (internal citations omitted).

Defendant contends that because the alleged dangerous condition of the tire was open and obvious it had no duty to warn about the danger and, thus, is entitled to judgment as a matter of law. Defendant also contends Giron assumed the risk of harm suffered as he was warned about the very danger that cost him his life prior to the accident. While plaintiff does not dispute that Giron knew that it was unsafe to drive on this tire before he returned to defendant's store, plaintiff asserts that under the facts and circumstances of this case defendant did owe a duty to Giron. Specifically, plaintiff contends that a duty is owed "whenever circumstances place one person in a position towards the other person such that an ordinary prudent person would recognize that if he or she did not act with ordinary care and skill in regard to the circumstances, he or she may cause danger of injury to the other person." *Id.* (internal citations omitted).

A duty of care is established without regard to the relationship of the parties whenever the circumstances place the one person in a position towards the other person such that an ordinary

prudent person would recognize a special skill possessed by that person that would prevent danger or injury to the other person. *Id.* Further, such a duty of care may arise from a set of circumstances which would require the trained person to foresee the particular harm to the plaintiff. *Id.*

To determine whether such a duty arises, the following policy considerations should be utilized:

> 1) foreseeability of harm to the plaintiff, 2) degree of certainty of harm to the plaintiff, 3) moral blame attached to defendant's conduct, 4) need to prevent future harm, 5) extent of the burden to the defendant and consequences to the community of imposing the duty on defendant, and 6) availability of insurance for the risk. . . .

*Id.* at 965. The most important of which is foreseeability of harm. *Id.* However, the focus is not limited to whether the risk of harm was foreseeable but whether defendant's conduct was unreasonable with respect to the obvious danger. *Id.*

In the present case it is undisputed that the risk of harm suffered by Giron was foreseeable and that defendant trained its employees to detect and warn customers of the probability of an automobile accident such as occurred in this case. Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff, the Court finds that there exist genuine issues of material fact: 1) whether the evidentiary material submitted by plaintiff placed defendant in a position towards Giron such that a reasonable person would rely on the skills of defendant's employees to protect them from harm, and 2) whether defendant's tire technicians' conduct, their acts or omissions, unreasonably endangered Giron and if so, placed a duty upon on defendant such that it is subject to liability for Giron's death. In the case at bar, it is undisputed that defendant had policies and procedures in place designed to protect customers from the harm suffered by Giron. Thus, the Court finds the harm was forseeable. It is also undisputed that defendant's

4

employees did not follow the policies and procedure designed to protect customers such as Giron from the type of harm he suffered. Whether their conduct was unreasonable is a question for the jury.

Finally, defendant contends plaintiff has failed to produce evidence that Giron's accident was caused by a tire blowout. Having carefully reviewed the parties' submissions, the Court finds plaintiff has submitted sufficient evidence to create a genuine issue of material fact as to causation. Specifically, Charles G. Gold, plaintiff's tire expert, opines that "[t]he right front tire on Bobby Giron's vehicle failed and it is more probably than not that it failed as a result of a sidewall bulge."

The Court, therefore, finds that defendant should not be granted summary judgment.

IV. Conclusion

For the reasons set forth above, the Court DENIES defendant's Motion for Summary Judgment [docket no. 22].

**IT IS SO ORDERED this 14th day of April, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE